**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

FILED-CLERK
U.S. DISTRICT COURT

2009 APR 21  PM 4: 04

TX EASTERN-MARSHALL

BY_____

| | |
|---|---|
| WEB TELEPHONY LLC,<br>a Texas limited liability company,<br><br>       Plaintiff,<br><br>vs.<br><br>Comcast Corporation, a Pennsylvania corporation; 8x8, Inc., a Delaware corporation; Microsoft Corporation, a Washington corporation; Avaya Inc., a Delaware corporation; Embarq Communications, Inc., a Delaware corporation; Qwest Corporation, a Delaware corporation; Qwest Communications Corporation, a Delaware corporation;<br><br>       Defendants. | CASE NO. **2 - 0 9 C V - 1 1 6**<br><br>**Complaint for Patent Infringement**<br>**(U.S. Patent Nos. 6,445,694, 6,785,266, 7,486,664, 7,512,117);**<br><br>**JURY DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Web Telephony LLC ("Web Telephony") sues Defendants Comcast Corporation, 8x8, Inc., Microsoft Corporation, Avaya Inc., Embarq Communications, Inc., Qwest Corporation, and Qwest Communications Corporation, and on information and belief, alleges as follows:

### Introduction

1. Plaintiff Web Telephony owns the invention described and claimed in United States Patent Nos. 6,445,694 (the "'694 Patent"), 6,785,266 (the "'266 Patent"), 7,486,664 (the "'664 Patent"), and 7,512,117 (the "'117 Patent"), each entitled "Internet Controlled Telephone System." Defendants (a) have used and continued to use Plaintiff's patented technology in products that they make, use, sell, and offer to sell, without Plaintiff's permission, and (b) have contributed to or induced, and continue to contribute to or induce,

others to infringe the '694, '266, '664, and '117 Patents. Plaintiff Web Telephony seeks

damages for patent infringements and an injunction preventing Defendants from making, using,

selling, or offering to sell, and from contributing to and inducing others to make, use, sell, or

offer to sell, Plaintiff's patented technology without permission.

### Jurisdiction and Venue

2.      This is an action for patent infringement arising under the patent laws of

the United States, 35 U.S.C. §§ 271 and 281, *et seq*. The Court has original jurisdiction over this

patent infringement action under 28 U.S.C. §§ 1338(a).

3.      Venue is proper in this Court because the Defendants are responsible for

acts of infringement occurring in the Eastern District of Texas as alleged in this Complaint, and

have delivered or caused to be delivered its infringing products in the Eastern District of Texas.

### Plaintiff Web Telephony

4.      Plaintiff Web Telephony LLC is a limited liability company existing under

and by virtue of the laws of the State of Texas.

### The Patents

5.      The United States Patent and Trademark Office issued the '694 Patent on

September 3, 2002. A copy of the '694 Patent is attached as Exhibit A. The United States Patent

and Trademark Office issued the '266 Patent on August 31, 2004  A copy of the '266 Patent is

attached as Exhibit B  The United States Patent and Trademark Office issued the '664 Patent on

February 3, 2009. A copy of the '664 Patent is attached as Exhibit C. The United States Patent

and Trademark Office issued the '117 Patent on March 31, 2009  A copy of the '117 Patent is

attached as Exhibit D. Through assignment, Plaintiff is the owner of all right, title, and interest,

including rights for damages for past infringements, in the '694, '266, '664, and '117 Patents.

## Defendants

### *Comcast*

6       Upon information and belief, defendant Comcast Corporation ("Comcast") is a Pennsylvania corporation having its principle place of business in Philadelphia, Pennsylvania.

### *8x8*

7.      Upon information and belief, 8x8, Inc. ("8x8") is a Delaware corporation having its principal place of business in Santa Clara, California.

### *Microsoft*

8       Upon information and belief, Microsoft Corporation ("Microsoft") is a Washington corporation having its principal place of business in Redmond, Washington.

### *Avaya*

9.      Upon information and belief, Avaya Inc. ("Avaya") is a Delaware corporation having its principal place of business in Basking Ridge, New Jersey.

### *Embarq*

10.     Upon information and belief, Embarq Communications, Inc. ("Embarq") is a Delaware corporation having its principal place of business in Overland Park, Kansas.

### *Qwest*

11.     Upon information and belief, Qwest Corporation ("Qwest Corporation") is a Delaware corporation having its principal place of business in Denver Colorado.

12      Upon information and belief, Qwest Communications Corporation ("Qwest Communications") is a Delaware corporation having its principal place of business in Denver, Colorado.

### First Claim for Patent Infringement ('694 Patent)
### Against Defendants

13. Plaintiff incorporates by reference each of the allegations in paragraphs 1 - 12 above.

14. On or about September 3, 2002, the '694 Patent, disclosing and claiming an "Internet Controlled Telephone System," was duly and legally issued by the United States Patent and Trademark Office.

15. Plaintiff Web Telephony is the owner of the '694 Patent with full rights to pursue recovery of royalties or damages for infringement of such patent, including full rights to recover past and future damages

16. Defendants have infringed, contributed to the infringement, and induced others to infringe the '694 Patent and, unless enjoined, will continue to infringe the '694 Patent by manufacturing, using, selling, offering for sale, or by using the methods claimed in the Patent or by contributing to or inducing others to make, use, sell, or offer to sell, the claimed invention or use the claimed methods without a license or permission from Plaintiff.

17. Plaintiff has been damaged by Defendants' infringement of the '694 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '694 Patent.

18. Upon information and belief, Defendants' acts of infringement have been, and continue to be committed with full knowledge of Plaintiff's rights in the '694 Patent, and in willful and wanton disregard of Plaintiff's rights, rendering this an exceptional case under 35 U.S.C. § 285.

### Second Claim for Patent Infringement ('266 Patent)
### Against Defendants

19. Plaintiff incorporates by reference each of the allegations in paragraphs 1 - 12 above.

20.    On or about August 31, 2004, the '266 Patent, disclosing and claiming an "Internet Controlled Telephone System," was duly and legally issued by the United States Patent and Trademark Office.

21.    Plaintiff Web Telephony is the owner of the '266 Patent with full rights to pursue recovery of royalties or damages for infringement of such patent, including full rights to recover past and future damages.

22.    Defendants have infringed, contributed to the infringement, and induced others to infringe the '266 Patent and, unless enjoined, will continue to infringe the '266 Patent by manufacturing, using, selling, offering for sale, or by using the methods claimed in the Patent or by contributing to or inducing others to make, use, sell, or offer to sell, the claimed invention or use the claimed methods without a license or permission from Plaintiff.

23    Plaintiff has been damaged by Defendants' infringement of the '266 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '266 Patent.

24.    Upon information and belief, Defendants' acts of infringement have been, and continue to be committed with full knowledge of Plaintiff's rights in the '266 Patent, and in willful and wanton disregard of Plaintiff's rights, rendering this an exceptional case under 35 U.S.C. § 285.

### Third Claim for Patent Infringement ('664 Patent) Against Defendants

25.    Plaintiff incorporates by reference each of the allegations in paragraphs 1 - 12 above.

26.    On or about February 3, 2009, the '664 Patent, disclosing and claiming an "Internet Controlled Telephone System," was duly and legally issued by the United States Patent and Trademark Office.

27.     Plaintiff Web Telephony is the owner of the '664 Patent with full rights to pursue recovery of royalties or damages for infringement of such patent, including full rights to recover past and future damages

28.     Defendants have infringed, contributed to the infringement, and induced others to infringe the '664 Patent and, unless enjoined, will continue to infringe the '664 Patent by manufacturing, using, selling, offering for sale, or by using the methods and apparatus claimed in the Patent or by contributing to or inducing others to make, use, sell, or offer to sell, the claimed invention or use the claimed methods and apparatus without a license or permission from Plaintiff.

29.     Plaintiff has been damaged by Defendants' infringement of the '664 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '664 Patent.

30.     Upon information and belief, Defendants' acts of infringement have been, and continue to be committed with full knowledge of Plaintiff's rights in the '664 Patent, and in willful and wanton disregard of Plaintiff's rights, rendering this an exceptional case under 35 U.S.C. § 285.

### Fourth Claim for Patent Infringement ('117 Patent) Against Defendants

31.     Plaintiff incorporates by reference each of the allegations in paragraphs 1 - 12 above.

32.     On or about March 31, 2009, the '117 Patent, disclosing and claiming an "Internet Controlled Telephone System," was duly and legally issued by the United States Patent and Trademark Office

33.     Plaintiff Web Telephony is the owner of the '117 Patent with full rights to pursue recovery of royalties or damages for infringement of such patent, including full rights to recover past and future damages.

34    Defendants have infringed, contributed to the infringement, and induced others to infringe the '117 Patent and, unless enjoined, will continue to infringe the '117 Patent by manufacturing, using, selling, offering for sale, or by using the methods and apparatus claimed in the Patent or by contributing to or inducing others to make, use, sell, or offer to sell, the claimed invention or use the claimed methods and apparatus without a license or permission from Plaintiff.

35.    Plaintiff has been damaged by Defendants' infringement of the '117 Patent and will suffer additional irreparable damage and impairment of the value of its patent rights unless Defendants are enjoined from continuing to infringe the '117 Patent

36    Upon information and belief, Defendants' acts of infringement have been, and continue to be committed with full knowledge of Plaintiff's rights in the '117 Patent, and in willful and wanton disregard of Plaintiff's rights, rendering this an exceptional case under 35 U.S.C. § 285

37.    Plaintiff demands trial by jury of all issues

WHEREFORE, Plaintiff prays for judgment as follows:

A    A decree preliminarily and permanently enjoining Defendants, their officers, directors, employees, agents, and all persons in active concert with them, from infringing, and contributing to or inducing others to infringe, the '694, '266, '664, and '117 Patents;

B.    Compensatory damages awarding Plaintiff damages caused by Defendants' infringement of the '694, '266, '664, and '117 Patents;

C.    Enhancement of Plaintiff's damages by reason of the nature of Defendants' infringement pursuant to 35 U.S.C. § 284;

D.    For costs of suit and attorneys fees;

E    For pre-judgment interest; and

F.    For such other relief as justice requires.

Dated:  April 21, 2009

Respectfully submitted,

By: _____
S. Calvin Capshaw
State Bar No  03783900
Elizabeth L. DeRieux
State Bar No  05770585
N. Claire Abernathy
State Bar No. 24053063
D. Jeffrey Rambin
State Bar No. 00791478
Capshaw DeRieux, L.L.P.
1127 Judson Road, Suite 220
Longview, Texas 75601
Telephone:  (903) 236-9800
Facsimile:  (903) 236-8787
E-mail:  ccapshaw@capshawlaw.com
E-mail:  ederieux@capshawlaw.com
E-mail:  chenry@capshawlaw.com
E-mail:  jrambin@capshawlaw.com

Robert Christopher Bunt
State Bar No. 00787165
Robert M Parker
State Bar No. 15498000
Parker, Bunt & Ainsworth, P.C.
100 East Ferguson, Suite 1114
Tyler, Texas 75702
Telephone:  (903) 531-3535
Facsimile: (903) 533-9687
E-mail:  rcbunt@pbatyler.com
E-mail:  rmparker@pbatyler.com

Gregory S. Dovel
State Bar No. 135387
Sean A. Luner
State Bar No. 165443
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone:  (310) 656-7066
Facsimile:  (310) 657-7069
E-mail:  greg@dovellaw.com
E-mail:  sean@dovellaw.com

**ATTORNEYS FOR PLAINTIFF,
WEB TELEPHONY LLC.**