UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| WEB TELEPHONY, LLC | § | |
| | § | |
| vs. | § | CASE NO. 2:09-CV-116-CE |
| | § | |
| COMCAST CORPORATION, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

**I.  Background**

Plaintiff Web Telephony, LLC brought suit against Defendants[1] in April of 2009. Defendant Comcast filed the present motion seeking a transfer to the Northern District of Illinois in September of 2009. (Dkt. No. 76). The Qwest defendants subsequently moved to join in Comcast's motion. (Dkt. No. 77). Defendant Avaya's joinder to Comcast's motion was unopposed. (Dkt. No. 80). Defendants seek transfer on the grounds that the Northern District of Illinois would be clearly more convenient for all parties. Plaintiff opposes. The Court GRANTS in part Qwest's motion to join (Dkt. No. 77) and joins Qwest and Avaya in Comcast's motion to transfer Venue. The Court DENIES Comcast's motion to transfer venue. (Dkt. No. 76).

**II.  Factual Background**

Plaintiff has previously litigated issues related to this case in the Northern District of Illinois, the Central District of California, and the Eastern District of Texas. The action in the Northern

---

[1] Defendants include Comcast Cable Communications, LLC (mistakenly named as "Comcast Corporation"), 8x8, Inc., Microsoft Corporation, Avaya, Inc., Embarq Communications, Inc., Qwest Corporation, and Qwest Communications Company, LLC (mistakenly named as Quest Communications Corporation). Plaintiff's action against 8x8 and Microsoft were dismissed prior to the filing of this motion. Plaintiff's action against Embarq was dismissed after the filing of this motion.

District of Illinois related to an inventorship dispute between Robert Swartz, principal of Plaintiff, and Swartz's prior employers. That case was eventually dismissed without prejudice. *Parus Holdings, Inc. v. Web Telephony, LLC, et al.*, 1:06-cv-1146 (N.D. Ill. 2006). The action in the Central District of California was a declaratory judgment action that was dismissed without prejudice over a year after it was filed. *Callwave, Inc. v. Web Telephony, LLC*, 2:05-cv-443 (C.D. Cal. 2005). The *Callwave* court did not construe the claims of the patents in suit and several motions for partial summary judgment were filed, but none received rulings. *Id.* Plaintiff's prior action in the Eastern District of Texas was a patent infringement suit that was dismissed with prejudice by the stipulation of the parties prior to claim construction. *Web Telephony, LLC v. Verizon Commc'ns Inc., et al.*, 2:07-cv-85 (E.D. Tex. 2007). To date, no court has ruled on the merits of any opposed motion involving Plaintiff or the patents in suit.

Plaintiff is a Texas LLC formed shortly before the present action commenced with a principal place of business in Tyler, Texas. Prior to being formed in Texas, Plaintiff was an Illinois corporation. Robert Swartz, the inventor of the patents in suit and the principal employee of Plaintiff, resides in Illinois. Plaintiff avers that, as a result of prior litigation, its sources of documentary evidence are now concentrated in the Eastern District of Texas.

Defendant Comcast Cable Communications, LLC ("Comcast") is a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania. Because Comcast has not specified otherwise, the Court assumes that the bulk of evidence and witnesses relating to Comcast's activities reside in or near Philadelphia, Pennsylvania.

The Qwest defendants ("Qwest") include two entities, both Delaware corporations, with their principal places of business in Denver, Colorado. Because neither Comcast nor Qwest have

specified otherwise, the Court assumes that the bulk of evidence and witnesses relating to Qwest's activities reside in or near Denver, Colorado.

Defendant Avaya is a Delaware corporation with its principal place of business in Basking Ridge, New Jersey. Because neither Comcast nor Avaya have specified otherwise, the Court assumes the bulk of evidence and witnesses relating to Avaya's activities reside in or near Basking Ridge, New Jersey.

Charles Call, an attorney involved in the prosecution of the patents in suit and central to the improper inventorship defense Comcast intends to raise, lived briefly in the Northern District of Illinois. During the prosecution of the patents in suit and the events giving rise to the alleged improper inventorship, Call lived in Massachusetts. At the time this motion was filed, Call lived in the Northern District of Illinois. Prior to the filing of Plaintiff's sur-reply, Call moved permanently to Marco Island, Florida. Call has agreed to be subject to this Court's subpoena power but has not agreed to be subject to subpoena in the Northern District of Illinois.

Alex Kurganov, the engineer that Comcast claims is the rightful inventor of the patents in suit, currently resides in California. Kurganov is currently employed by Parus Holdings, LLC ("Parus"), the company that previously sued Plaintiff in an attempt to gain title to the patents in suit.

Comcast also named as potential witnesses approximately a dozen current and former employees and attorneys of Parus Holdings, LLC, the company Comcast claims should be the rightful owner of the patents in suit. Although Comcast claimed that these potential witnesses were residents of the Northern District of Illinois, Plaintiff was able to verify that at least two of the named individuals no longer resided in the proposed transferee venue, and that one now resides in the Eastern District of Texas. Plaintiff also advised the Court that many of the individuals deposed in

the *Parus* litigation over issues relating to the inventorship issue Comcast raises reside throughout the United States, including in Virginia, Florida, and California.

### III. Legal Standard

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir.1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir.1987)).

The Federal Circuit applies regional circuit law to district court decisions related to venue. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (applying *Volkswagen II* to rulings on transfer motions out of this circuit). The Fifth Circuit has clarified the standard that district courts in this circuit should apply when deciding motions to transfer venue. *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc) ("*Volkswagen II*"). The Fifth Circuit ruled that "§ 1404(a) venue transfers may be granted upon a lesser showing of inconvenience than forum non conveniens dismissals," and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a forum non conveniens dismissal." *Id.* at 314 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The Court held that the party seeking a transfer must show good cause why a court should not defer to the plaintiff's choice of forum. *Id.* at 315. Under the good cause standard, "when the transferee venue is not clearly more convenient, the plaintiff's choice should be respected." *Id.*

The Court reiterated that the relevant factors to be considered for a 1404(a) motion are the same as those used for *forum non conveniens* dismissals, which include both public and private interest factors. *Id.* at 315 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv.*, Inc., 321 F.2d 53, 56 (5th Cir. 1963)). The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*")). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Volkswagen II*, 545 F.3d at 315. These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Id.* (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

**IV.    Analysis**

    **A.    Threshold Issue**

Plaintiff has not conceded that the present action could have been brought in the Northern District of Illinois. In the exhibits attached to its response brief, Comcast provided evidence sufficient to support jurisdiction over each of the defendants in the Northern District of Illinois. Accordingly, Comcast has met its initial threshold burden, and the Court will resolve Comcast's motion using the public and private factors test laid out in *Volkswagen*.

5

### B. Section 1404(a) Analysis

Having satisfied its threshold burden and established that the Northern District of Illinois would have jurisdiction over the present action, Comcast must demonstrate that the Northern District of Illinois would be clearly more convenient than the Eastern District of Texas. Because Comcast has only raised evidence relating to a single defense and the evidence relating to that defense is located in both the Eastern District of Texas and the Northern District of Illinois, Comcast has failed to show that the Northern District of Illinois would be clearly more convenient.

#### 1. Private Interest Factors

##### a. Convenience of the Parties and Witnesses and Cost of Attendance for Witnesses

The Court first considers the convenience of the witnesses and parties. In *Volkswagen I*, the Fifth Circuit established the "100-mile" rule, which states that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of the convenience to witness increases in direct relationship to the additional distance to be traveled." 371 F.3d at 204–5. Furthermore, in cases where potential witnesses are from widely scattered locations, a trial court should not consider its "central location . . . in the absence of witnesses within the plaintiff's choice of venue." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009).

The only party witness currently located in the Northern District of Illinois is Robert Swartz, inventor and principal employee of Plaintiff. Defendants have named none of their own party witnesses, so the Court assumes that Defendants' party witnesses are likely to be outside of the Northern District of Illinois. If the Defendants' witnesses are located near their principal places of

business, they would have to travel approximately the same distance to the Eastern District of Texas as to the Northern District of Illinois.[2]

Comcast also argues that the presence of several third party witnesses in the Northern District of Illinois weighs in favor of transfer. However, Comcast's knowledge of the location of the witnesses it claims it intends to call appears to be stale, if not incorrect. Several witnesses it claimed were in the Northern District of Illinois are actually located elsewhere, including at least one in the Eastern District of Texas. The most important third party witnesses, based on Comcast's motion, are located in Florida and California.[3] Furthermore, to the extent that any party wishes to call a witness who is substantially inconvenienced by the trial location, the availability of videotaped depositions mitigates the cost and potential prejudice associated with that inconvenience. Comcast's argument that it would be prejudiced by having to resort to video depositions is without merit and assumes that several witnesses who live significantly closer to the Eastern District of Texas than to the Northern District of Illinois would nevertheless appear at trial in the Northern District of Illinois but not the Eastern District of Texas. *See In re Apple, Inc.*, 374 Fed.Appx. 997, 998-99 (Fed. Cir. 2010) (denying a petition for writ of mandamus where no defendants resided in transferee venue and only witnesses in transferee venue were nonparty witnesses). Further, if Comcast's inventorship

---

[2] All remaining defendants reside at least 600 miles from either the Northern District of Illinois or the Eastern District of Texas. Qwest is slightly closer to the Eastern District of Texas while both Avaya and Comcast are approximately 500 miles closer to the Northern District of Illinois.

[3] The Court surmises from Comcast's motion that Call has unique knowledge regarding both inventorship and inequitable conduct and may be a necessary witness at trial. He currently resides in Florida. The other key witness based on the Court's reading, Kurganov, resides in California and would have to travel a substantial distance to appear in either venue.

defense has merit then these particular nonparty witnesses may be motivated to appear regardless of the trial location.[4]

Against this backdrop, with no identified potential witnesses within 100 miles of the original venue and the identified potential witnesses scattered around the country with only a few in or near the proposed transferee venue, the Court finds this factor to weigh only slightly in favor of transfer.

### b.   The Availability and Location of Sources of Proof

"That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Volkswagen II*, 545 F.3d at 316. Even in the age of electronic discovery, considerations of physical evidence remain meaningful in § 1404(a) analysis. *See id.*

Plaintiff, having recently litigated a suit involving the same patents against similar accused products in the present venue, has already collected a large body of evidence, relocating it from around the country and organizing it at its counsel's offices in Texas.  This evidence was relocated to the forum state in good faith rather than in an attempt to manipulate venue rules.  Defendants have not made any argument regarding documentary evidence in their control and the Court thus assumes it is located at Defendants' various locations throughout the United States.  Any relevant third party documentary evidence relating to the ownership dispute between Plaintiff and Parus is likely with Plaintiff's documentary evidence in Texas.  Parus and various law firms likely also have copies of these documents in Chicago, but in light of past litigation and discovery the documentary evidence retained by these third parties is likely redundant with the information Plaintiff retained.

---

[4]     If Comcast's inventorship defense has merit then Parus, the employer of many of Comcast's nonparty witnesses and the entity Comcast claims is the rightful owner of the patents in suit, could potentially gain rights to the patent in suit pursuant to a 35 U.S.C. § 256 hearing.

Taken together, the concentration of Plaintiff's evidence in or near the Eastern District of Texas and the distribution of the remaining evidence around the country weigh against transfer.

### c. The Availability of Compulsory Process to Secure the Attendance of Witnesses

Federal Rule of Civil Procedure 45(b)(2) allows a federal district court to compel a witness's attendance at a trial or hearing by subpoena. However, a court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse. *See Volkswagen II*, 545 F.3d at 316. Comcast raised the concern that witnesses related to Plaintiff's ownership dispute with Parus could not be compelled to appear in the Eastern District of Texas. Although this is the case, Parus has an interest in assisting Comcast with its improper inventorship defense. Also, the key witnesses in the improper inventorship defense advanced by Comcast are not subject to subpoena in the Northern District of Illinois. Charles Call, who allegedly committed inequitable conduct by securing the patents in suit for Robert Swartz, is a resident of Florida and outside the subpoena power of the Northern District of Illinois. Call has agreed to be subject to the subpoena power of this Court, however. Likewise, Alex Kurganov, the engineer Comcast claims is the rightful inventor of the patents in suit, is a resident of California and is outside the subpoena power of the Northern District of Illinois. After considering the location of all of the witnesses, the Court finds this factor weighs slightly in favor of transfer.

### d. The Possibility of Delay and Prejudice if Transfer is Granted

The Fifth Circuit has suggested that this factor may be relevant in a transfer analysis "only in rare and special circumstances and when such circumstances are established by clear and convincing evidence." *Shoemake v. Union Pacific R.R. Co.*, 233 F.Supp.2d 828, 834 (citing *In re*

9

*Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir.2002)). This is not a rare and exceptional case; therefore, this factor is neutral.

    **2.**    **Public Interest Factors**

        **a.**    **The Administrative Difficulties Caused by Court Congestion**

"To the extent that court congestion is relevant, the speed with which a case can come to trial and be resolved is a factor." *In re Genentech*, 566 F.3d at 1347. Of the factors weighed to determine whether transfer would be proper, court congestion is the most speculative. *Id.* Comcast contends that court congestion is neutral and Plaintiff agrees. Accordingly, the Court finds that the congestion factor is neutral.

        **b.**    **The Local Interest in Adjudicating Local Disputes and the Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty**

Transfer may be appropriate where none of the operative facts occurred in the division and where the division has no particular local interest in the outcome of the case. *See In re Volkswagen*, 545 F.3d at 318. Comcast argues that, because Plaintiff only reincorporated in Texas a few weeks prior to filing, there is no local interest in the Eastern District of Texas, and that the prior ownership dispute in the Northern District of Illinois gives the proposed transferee district a local interest. Plaintiff counters that its litigation history in the Eastern District of Texas gives rise to a local interest. The only party with any local interest in the Northern District of Illinois is Plaintiff, and Plaintiff claims the Eastern District of Texas is more convenient. The scattered location of the defendants across the country does not support a local interest in either the Eastern District of Texas or the Northern District of Illinois. Accordingly, the Court finds that this factor is neutral.

        **c.**        **The Familiarity of the Forum with the Law that will Govern the Case**

Both Plaintiff and Comcast agree that this factor is neutral.

        **d.**        **The Avoidance of Unnecessary Problems in Conflict of Laws**

Both Plaintiff and Comcast agree that this factor is neutral.

**V.**    **Conclusion**

For the reasons stated above, Comcast failed to show that a transfer would be clearly more convenient in this case. Accordingly, the Court DENIES Comcast's motion.

SIGNED this 30th day of September, 2010.

*/s/ Charles Everingham IV*
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE